## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| |
|---|
ADAM PUTNAM
5002 Strauss Court
Fredericksburg, VA 22407

and

MATTHEW LAROCK
24640 Greysteel Square
Aldie VA 20105

and

NATHAN MATTHEWS
484 Ferry Rd.
Fredericksburg, VA 22405

and

MARY PHILIPPE
7104 Aldrich Ct.
Spotsylvania, VA 22553

       **Plaintiffs,**

       **v.**

CENTERRA GROUP, LLC
13530 Dulles Tech Drive #500
Herndon, VA 20171

and

CHRIS WRIGHT
Secretary
United States Department of Energy
1000 Independence Ave., SW
Washington, DC 20585

      **and**

WILLIAM A. RIDDLE
1301 Delaware Ave SW N307,

Civil Action No.  1:25-cv-1272

**Washington, DC 20024**                              |
                                                      |
   **and**                             |
                                                      |
**KURT W. RUNGE**                                     |
**38887 Sandpiper Cir**                               |
**Frankford, DE 19945**                               |
                                                      |
   **Defendants.**                     |
_____              |

## **COMPLAINT**

Plaintiffs, Matthew LaRock, Nathan Matthews, Adam Putnam and Mary Philippe, by and through their attorneys, alleges as follows against Defendants Centerra Group, LLC, the United States Department of Energy, William A. Riddle, and Kurt W. Runge:

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the D.C. Family and Medical Leave Act, D.C. Code § 32-501 *et seq.* ("DCFMLA")*,* for interference with and in retaliation for the Plaintiffs asserting rights under the FMLA and DCFMLA, and opposing violations of the FMLA and DCFMLA.

## **JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, as this is a "civil action[] arising under the Constitution, [and] laws . . . of the United States."  Under 29 U.S.C. § 2612, Plaintiffs allege violations of federal FMLA rights.  Plaintiffs also invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over their related state law claims, since they are part of the same case or controversy.

3.     Venue is proper in the United States District Court for District of Columbia pursuant to 28 U.S.C. § 1391, because "a substantial part of the events or omissions giving rise to the claim occurred" in the District. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     Nathan Matthews is a resident of the City of Stafford in Fredericksburg, Virginia. Plaintiff Matthews was an eligible employee under the FMLA in that he worked as a Protective Force Officer for Centerra and its joint employer the United States Department of Energy for more than 12 months and worked more than 1250 hours of service within the preceding 12 months at a location where at least 50 employees were employed within 75 miles of Plaintiff's worksite. Plaintiff Matthews was employed as an Officer at the United States Department of Energy for almost 20 years of distinguished service, from November 30, 2005 until he was denied reinstatement from FMLA and fired in February 2025.

5.     Plaintiff Matthew LaRock is a resident of the City of Aldie, in Loudoun County, Virginia. Plaintiff Matthews was an eligible employee under the FMLA in that he worked as a Protective Force Officer for Centerra and its joint employer the United States Department of Energy for more than 12 months and worked more than 1250 hours of service within the preceding 12 months at a location where at least 50 employees were employed within 75 miles of Plaintiff's worksite. Plaintiff LaRock was employed as an Officer at the United States Department of Energy for over six years of distinguished service, from July 8, 2019, until he was denied reinstatement from FMLA and fired in December 2025.

6.     Plaintiff Adam Putnam is a resident of the City of Fredericksburg in Spotsylvania County, Virginia. Plaintiff Putnam worked as a Protective Force Officer for Centerra and its joint employer the United States Department of Energy, and also served as the President of

IGUA Local 150, the Union that represents all of the approximately 200 Officers who work as Protective Force Officers for Centerra and its joint employer the United States Department of Energy, at its Headquarters building.  Plaintiff Putnam was employed as an Officer at the United States Department of Energy for over seven years of distinguished service, from October 11, 2017, until he was fired in January 2025.

7.      Plaintiff Mary Philippe is a resident of the City of  Snell, in Spotsylvania County, Virginia.  Plaintiff Philippe worked as a Protective Force Officer and a Senior Badge Specialist for Centerra and its joint employer the United States Department of Energy, and also served as the Treasurer of IGUA Local 150.  Plaintiff Philippe was employed as an Officer at the United States Department of Energy for 17 years of distinguished service, from February 4, 2008, until she was fired on February 21, 2025.

8.      Centerra Group, LLC ("Defendant" or "Centerra") is a corporation organized and existing under the laws of Delaware, and doing business in the District of Columbia with its headquarters located in Herndon, Virginia.  Centerra employed well over 50 employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year. Centerra provides security services on contracts to federal government agencies including the Department of Energy, at its Headquarters building where Plaintiffs worked.

9.      Defendant Chris Wright is the Secretary of the United States Department of Energy and is named herein as required by principles of sovereign immunity.

10.      Defendant William A. Riddle is the Facility Security Manager/Physical Protection Program Manager at the Department of Energy.  Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to discharging Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and DCFMLA leave, and terminating

4

Plaintiffs Putnam and Philippe in retaliation for their active opposition to the blatant violations of the FMLA and DCFMLA involved in denying LaRock and Matthews reinstatement and terminating their employment, and thereby controls the aspect of employment alleged to be violated in this Complaint.

11.     Defendant Kurt W. Runge is the Director of the Office of Headquarters Security Operations at the Department of Energy.  Runge acted directly in the interest of DOE, and its joint employer Centerra, when it came to discharging Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and DCFMLA leave, and terminating Plaintiffs Putnam and Philippe in retaliation for their active opposition to the blatant violations of the FMLA and DCFMLA involved in denying LaRock and Matthews reinstatement and terminating their employment, and thereby controls the aspect of employment alleged to be violated in this Complaint.

## **FACTUAL ALLEGATIONS**

12.     LaRock and Matthews are active members of IGUA Local 150 (the "Union"); Putnam is the Union's President and Philippe is the Union's Treasurer.  The Union is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §152(5) and has served as the representative for the purposes of collective bargaining with respect to rates of pay, wages, hours and other conditions of employment for all full-time and regular part-time Protective Force Officers ("Officers") assigned to the Department of Energy Headquarters f in Washington, DC.

13.     On August 15, 2024, LaRock provided notification in a timely manner of his need for FMLA/DCFMLA in relation to the birth of his child.  His request was approved.  LaRock provided notice of his desire to return to work from approved FMLA/DCFMLA effective

December 2, 2024.  LaRock's reinstatement to work from approved FMLA/DCFMLA was
denied, and he was fired.  No reason was provided by Centerra, other than the decision was made
by Defendant DOE, through Defendants Runge and Riddle.

14.    In or around August, 2024, Matthews provided notification in a timely manner of
his need for FMLA/DCFMLA in relation to work-related surgery on his elbow.  His request for
FMLA/DCFMLA was approved on August 29, and was set to end with his return to work on
December 16, 2024.  Matthews provided a reminder on December 2, 2024, in writing, that he
planned to return to work effective December 16, 2024.  Matthews' reinstatement to work from
approved FMLA/DCFMLA was denied, and he was fired.  No reason was provided by Centerra,
other than the decision was made by Defendant DOE, through Defendants Runge and Riddle.

15.    Adam Putnam, President of the Union, on behalf of the Union, LaRock and
Matthews, filed grievances over the denial of reinstatement and termination of LaRock and
Matthews.  Putnam actively opposed and voiced his opposition to the blatant violations of the
FMLA and DCFMLA involved in Defendants Centerra, DOE, Runge and Riddle denying
LaRock and Matthews reinstatement and terminating his employment.

16.    Mary Philippe, Treasurer of the Union, on behalf of the Union, LaRock and
Matthews, supported and financed the filing of grievances over the denial of reinstatement and
termination of LaRock and Matthews.  Philippe actively opposed and voiced her opposition to
the blatant violations of the FMLA and DCFMLA involved in Defendants Centerra, DOE,
Runge and Riddle denying LaRock and Matthews reinstatement and terminating his
employment.

17.    Richard Eaton, Director, Labor Relations for Centerra, responded for Defendants,
confirming that LaRock and Matthews had properly requested leave under the FMLA and

DCFMLA, which leave had been granted, and had properly requested reinstatement from that leave under the FMLA and DCFMLA. Eaton confirmed further that there were no legitimate reasons for LaRock and Matthews to be denied reinstatement or terminated. However, he also advised that LaRock and Matthews were denied reinstatement and terminated solely because DOE made that determination, writing as follows on January 10, 2025: "The U.S. Government [DOE] refused to permit the return of [LaRock]". According to Eaton, the decision to deny reinstatement and terminate LaRock and Matthews was made by the DOE and Defendants Runge and Riddle.

18.    It was confirmed by Centerra and Eaton that it was Defendants Riddle and Runge, specifically, on behalf of DOE, who made the decision and issued the Order to deny Plaintiffs LaRock and Matthews reinstatement from approved FMLA and DCFMLA leave, thereby terminating their employment.

19.    In response to Putnam's active opposition to these violations of the FMLA, he was fired in January 2025. No reason was provided. After his termination was grieved, it was confirmed that DOE, upon information and belief through Runge and Riddle, had determined that he could not work any longer and he was fired as a result.

20.    In her role as a Senior Badging Specialist for Centerra and DOE, one of the routine tasks Philippe performed was advising Officers on their clearance status – a task she had performed dozens if not hundreds of times during her tenure. However, on this occasion the response related to Matthews, who, following his notice and attempt to return to be reinstated from his approved FMLA and DCFMLA leave, had inquired about his clearance status. Soon after her response advising Matthews of his status, Philippe was permanently removed from work, in retaliation for her role in opposing the unlawful violations of the FMLA and DCFMLA

7

relating to Matthews and LaRock.  After her termination was grieved, it was confirmed that DOE, upon information and belief through Runge and Riddle, had determined that Philippe could not work any longer and she was fired as a result.

21.    The Department of Energy (DOE) and Centerra are joint employers of Plaintiffs and other Officers who are members of IGUA Local 150, and who serve the DOE as the armed guard force at DOE headquarters in Washington, DC.

22.    DOE alone, and/or DOE together with Centerra, determines all the Officers', including Plaintiffs', essential terms and conditions of employment including, but not limited to, the following:

    a.    DOE has authority to hire and fire Officers including, but not limited to, making the decision, through Defendants Runge and Riddle, to deny reinstatement to and discharge Plaintiffs:

    b.    DOE approves and disapproves reinstatement of Officers from FMLA and DCFMLA including, but not limited to, the refusal to reinstate LaRock and Matthews from their approved leaves;

    c.    DOE establishes wage rates and other compensation terms of Officers, including Plaintiffs, as has repeatedly been communicated by Centerra during negotiations over new Collective Bargaining Agreements.  Centerra lead negotiators, including Eaton, have stated repeatedly during the negotiations over new 2023 and 2024 CBAs that DOE was not pleased with the work of the Officers as a result of which their wages were suppressed; DOE felt the Officers made too much and was not willing to increase wages; and other similar comments confirming that DOE,

through Runge and Riddle, determined their wages and other economic terms and conditions;

d.     DOE dictates all formal and informal training and certifications required for Officers to be able to work at DOE Headquarters;

e.     DOE determines the equipment, including the weapons, firearms, and safety equipment, that must be used by all Officers at DOE Headquarters;

f.     DOE furnishes the workplace facility, including all break rooms, training rooms, the exercise room where employees maintain their physical fitness in accordance with the physical training requirements set by DOE, and all other facilities;

g.     DOE dictates the fitness requirements for the position, both to obtain a position as an Officer at DOE initially, and the annual fitness requirements and tests that must be passed by Officers for them to remain employed on an ongoing basis;

h.     DOE maintains day-to-day supervision over the Officers. For example, DOE leadership routinely report what they perceive to be infractions by Officers, including what has been claimed by DOE to be Officers away from their posts, improperly using cell phones, being impermissibly distracted from their work, not having proper attire or equipment, etc., and directs that these Officers be disciplined for such infractions, which directions are followed;

i.     Officers who work for Centerra at DOE are solely assigned to work at DOE, and at no other locations, as they were before Centerra was an employer there, and as they will after Centerra is replaced by another security contractor in the future;

j.     DOE makes hiring and promotion decision, determining which Officers can be picked to work on site, and which Officers can be promoted when opportunities

arise.  For example, most recently, following the unlawful termination of Plaintiff

Mary Philippe from her position as Senior Badge Specialist, the position was

open for bidding.  Per established Centerra policies and procedures and the

applicable Collective Bargaining Agreement, the open position was required to be

awarded to the more senior bidder, Badging Specialist Yvonne Snowden.

However, DOE overrode those established policies and procedures, and instead

appointed a more junior employee, Badging Specialist Tyesha James, to the

position.

k.      Centerra and DOE have negotiated a Collective Bargaining Agreement (CBA)

with the Union governing the terms and conditions of employment of the

Officers, in which Centerra and DOE have mandated the following terms, ceding

control to DOE over the following critical terms and conditions of employment

for the Officers: determining what holidays there are and when they will be

celebrated; determining when work will be canceled for the Officers due to

inclement weather and in such instances what if anything the Officers will be paid

for hours of work missed as a result; DOE determines physical fitness

requirements and how and when physical fitness re-qualification training will be

conducted; "the DOE Designated Physician" determines when, and whether,

injured employees may be returned to work, and together with DOE maintains

medical record files for such Officers; all "firearms re-qualification training will

be conducted in accordance with applicable DOE directives", and without such

training and successful requalification, DOE will not permit Officers to work at

DOE; all "physical fitness re-qualification training will be conducted in

10

accordance with applicable DOE directives/statutes", and without such training and successful requalification, DOE will not permit Officers to work at DOE; "[w]hen Employees require additional monitoring under the Physical Fitness Assessment Program, they will be compensated only for time spent and verified . . . through DOE Designated Physician"; all "DOE Orders and directives" must be followed by the Officers or they are not permitted to work at DOE; "new requirements and directives prescribed by" the DOE must be adhered to, even where they conflict with the Collective Bargaining Agreement; all "firearms re-qualification training will be conducted in accordance with applicable DOE directives"; Officers must maintain all licenses and certifications determined by DOE to be eligible to work, and if he/she fails to do so he/she will be fired; DOE dictates the physicians who will examine an Officer injured at work and determine the eligibility of that Officer to return to work at DOE; and

l.    The direct employer/government contractor for each of the Plaintiffs has changed over the years, most recently from Golden SVCS. to Centerra, and other employers before Golden; however, the joint employer DOE remains unchanged.

23.    Defendants Runge and Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to discharging Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and DCFMLA leave, and terminating Plaintiffs Putnam and Philippe in retaliation for their active opposition to the blatant violations of the FMLA and DCFMLA involved in denying LaRock and Matthews reinstatement and terminating their employment, and thereby control the aspect of employment alleged to be violated in this Complaint.

24.     As the result of the Defendants' conduct, Plaintiffs have been and continue to be deprived of income and benefits due.

25.     Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, reinstatement, backpay and benefits with interest, an injunction, and liquidated, compensatory, and punitive damages. is their only means of securing adequate relief.

26.     Plaintiffs are suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### Count I: Interference in Violation of the Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Centerra)

27.     Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-26.

28.     At all times relevant to this Complaint, Plaintiffs were eligible employees under the FMLA.

29.     At all times relevant to this Complaint, Defendant Centerra was a covered employer under the FMLA.

30.     As eligible employees, Plaintiffs LaRock and Matthews were entitled to take twelve weeks of protected family and medical leave as specified herein.

31.     Plaintiffs gave adequate notice of their intent to take leave.

32.     Plaintiffs' request to take leave was approved.

33.     Plaintiffs provided all requisite documentation in support of their request for leave and provided updates on their status as well as confirmation of their intent to return from leave.

34.     Defendant Centerra was prohibited from interfering with, restraining, and/or denying Plaintiffs' exercise of or attempt to exercise their rights under the FMLA.

35.     Defendant Centerra willfully interfered with, restrained, and/or denied Plaintiffs' exercise of their FMLA rights and/or their attempts to exercise those rights when it refused to reinstate Plaintiffs LaRock and Matthews.

36.     As a result of Defendant's acts, Plaintiffs suffered lost wages, benefits and other compensation.

37.     Defendant Centerra's acts and omissions constitute a willful violation of the FMLA.

38.     Defendant Centerra's acts and omissions in violation of the FMLA were not in good faith and Defendant Centerra did not have reasonable grounds for believing that its actions did not violate the FMLA.

39.     Under the FMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost by reason of the violation, interest on this amount calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the amount of compensation owed to Plaintiffs, as well as attorney's fees and costs.

**Count II: Interference in Violation of the Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Defendants DOE, Runge and Riddle)**

40.     Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-39.

41.     At all times relevant to this Complaint, Plaintiffs were eligible employees under the FMLA.

42.     At all times relevant to this Complaint, Defendant and joint employer DOE was a covered employer under the FMLA.

43.     As eligible employees, Plaintiffs LaRock and Matthews were entitled to take twelve weeks of protected family and medical leave as specified herein.

13

44.     Plaintiffs gave adequate notice of their intent to take leave.

45.     Plaintiffs' request to take leave was approved.

46.     Plaintiffs provided all requisite documentation in support of their request for leave and provided updates on their status as well as confirmation of their intent to return from leave.

47.     Defendant and joint employer DOE was prohibited from interfering with, restraining, and/or denying Plaintiffs' exercise of or attempt to exercise their rights under the FMLA.

48.     Defendant and joint employer DOE willfully interfered with, restrained, and/or denied Plaintiffs' exercise of their FMLA rights and/or their attempts to exercise those rights when it refused to reinstate Plaintiffs LaRock and Matthews.

49.     Defendants Runge and Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to discharging Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and, and thereby control the aspect of employment alleged to be violated in this Complaint.

50.     As a result of Defendant and joint employer DOE's acts, Plaintiffs suffered lost wages, benefits and other compensation.

51.     The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle constitute a willful violation of the FMLA.

52.     The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle in violation of the FMLA were not in good faith they did not have reasonable grounds for believing that their actions did not violate the FMLA.

53.     Under the FMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost by reason of the violation, interest on this amount

calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the amount of compensation owed to Plaintiffs, as well as attorney's fees and costs.

## Count III: Retaliation in Violation of the Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Centerra)

54.　　Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-53.

55.　　At all times relevant to this Complaint, Plaintiffs LaRock and Matthews were eligible employees under the FMLA.

56.　　At all times relevant to this Complaint, Defendant Centerra was a covered employer under the FMLA.

57.　　As eligible employees, Plaintiffs LaRock and Matthews were entitled to take twelve weeks of protected family and medical leave as specified herein.

58.　　Plaintiffs gave adequate notice of their intent to take leave.

59.　　Plaintiffs' requests to take leave was approved.

60.　　Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

61.　　Plaintiffs engaged in protected activity when they exercised their rights to use FMLA leave and opposed Defendant Centerra's violations of the FMLA, including when they complained about Defendant Centerra's refusal to reinstate in a timely manner.

62.　　Defendant Centerra was prohibited from discriminating or retaliating against Plaintiffs for engaging in protected activity.

63.     Defendant Centerra discriminated and retaliated against Plaintiffs when it refused to reinstate them, because they exercised their rights to use FMLA leave and opposed Defendant Centerra's violations of the FMLA.

64.     As a result of Defendant Centerra's acts, Plaintiffs suffered lost wages, benefits and other compensation.

65.     Defendant Centerra's actions constitute a willful violation of the FMLA.

66.     Defendant Centerra's acts and omissions in violation of the FMLA were not in good faith and Defendant Centerra did not have reasonable grounds for believing that its actions did not violate the FMLA.

67.     Under the FMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation, interest on this amount calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the amount of compensation owed to Plaintiff, as well as attorney's fees and costs.

**Count IV: Retaliation in Violation of the Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Defendants DOE, Runge and Riddle)**

68.     Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-67.

69.     At all times relevant to this Complaint, Plaintiffs LaRock and Matthews were eligible employees under the FMLA.

70.     At all times relevant to this Complaint, Defendant and joint employer DOE was a covered employer under the FMLA.

71.     As eligible employees, Plaintiffs LaRock and Matthews were entitled to take twelve weeks of protected family and medical leave as specified herein.

72.     Plaintiffs gave adequate notice of their intent to take leave.

73.    Plaintiffs' requests to take leave was approved.

74.    Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

75.    Plaintiffs engaged in protected activity when they exercised their rights to use FMLA leave and opposed Defendant and joint employer DOE violations of the FMLA, including when they complained about Defendant Centerra's refusal to reinstate in a timely manner.

76.    Defendant and joint employer DOE was prohibited from discriminating or retaliating against Plaintiffs for engaging in protected activity.

77.    Defendant and joint employer DOE discriminated and retaliated against Plaintiffs when it refused to reinstate them, because they exercised their rights to use FMLA leave and opposed Defendant and joint employer DOE violations of the FMLA.

78.    Defendants Runge and Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to retaliating Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and, and thereby control the aspect of employment alleged to be violated in this Complaint.

79.    As a result of Defendant and joint employer DOE's acts, Plaintiffs suffered lost wages, benefits and other compensation.

80    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle constitute a willful violation of the FMLA.

81.    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle in violation of the FMLA were not in good faith they did not have reasonable grounds for believing that their actions did not violate the FMLA.

17

82.     Under the FMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation, interest on this amount calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the amount of compensation owed to Plaintiff, as well as attorney's fees and costs.

**Count V: Interference in Violation of the D.C. Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Centerra)**

83.     Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-82.

84.     At all times relevant to this Complaint, Plaintiffs were eligible employees under the DCFMLA.

85.     At all times relevant to this Complaint, Defendant Centerra was a covered employer under the DCFMLA.

86.     As eligible employees, Plaintiffs were entitled to take sixteen weeks of continuous or intermittent protected family and medical leave in a twenty-four month period.

87.     Plaintiffs requested, and were awarded, DCFMLA leave starting.

88.     Plaintiffs gave adequate notice of their intent to take leave.

89.     Plaintiffs' requests to take leave were approved.

90.     Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

91.     Defendant Centerra was prohibited from interfering with, restraining, and/or denying Plaintiffs' exercise of or attempt to exercise their rights under the DCFMLA.

92.     Defendant Centerra willfully interfered with, restrained, and/or denied Plaintiffs' exercise of their DCFMLA rights and/or their attempts to exercise those rights when it refused to reinstate them.

93.     As a result of Defendant Centerra's acts, Plaintiffs suffered lost wages, benefits and other compensation.

94.     Defendant Centerra's acts and omissions constitute a willful violation of the DCFMLA.

95.     Defendant Centerra's acts and omissions in violation of the DCFMLA were not in good faith and Defendant Centerra did not have reasonable grounds for believing that its actions did not violate the DCFMLA.

96.     Under the DCFMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost due to the DCFMLA violation, interest on the amount calculated at the prescribed rate, consequential damages not to exceed an amount equal to three times the amount of lost compensation and interest, medical expenses not covered by the employee's health insurance, and attorney's fees and costs.

## Count VI: Interference in Violation of the D.C. Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Defendants DOE, Runge and Riddle)

97.     Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-96.

98.     At all times relevant to this Complaint, Plaintiffs were eligible employees under the DCFMLA.

99.     At all times relevant to this Complaint, Defendant and joint employer DOE was a covered employer under the DCFMLA.

100.    As eligible employees, Plaintiffs were entitled to take sixteen weeks of continuous or intermittent protected family and medical leave in a twenty-four month period.

101.    Plaintiffs gave adequate notice of their intent to take leave.

102.    Plaintiffs requested, and were awarded, DCFMLA leave.

103.    Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

104.    Defendant and joint employer DOE was prohibited from interfering with, restraining, and/or denying Plaintiffs' exercise of or attempt to exercise their rights under the DCFMLA.

105.    Defendant and joint employer DOE willfully interfered with, restrained, and/or denied Plaintiffs' exercise of their DCFMLA rights and/or their attempts to exercise those rights when it refused to reinstate them.

106.    Defendants Runge and Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to discharging Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved FMLA and, and thereby control the aspect of employment alleged to be violated in this Complaint.

107.    As a result of Defendant and joint employer DOE's acts, Plaintiffs suffered lost wages, benefits and other compensation.

108.    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle constitute a willful violation of the DCFMLA.

109.    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle in violation of the DCFMLA were not in good faith they did not have reasonable grounds for believing that their actions did not violate the DCFMLA.

110.    Under the DCFMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost due to the DCFMLA violation, interest on the amount calculated at the prescribed rate, consequential damages not to exceed an amount equal to three times the amount of lost compensation and interest, medical expenses not covered by the employee's health insurance, and attorney's fees and costs.

**Count VII: Retaliation in Violation of the D.C. Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Centerra)**

111.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-110.

112.    At all times relevant to this Complaint, Plaintiffs were eligible employees under the DCFMLA.

113.    At all times relevant to this Complaint, Defendant Centerra was a covered employer under the DCFMLA.

114    As eligible employees, Plaintiffs were entitled to take sixteen weeks of continuous or intermittent protected family and medical leave in a twenty-four month period.

115.    Plaintiffs gave adequate notice of their intent to take leave, and their requests were approved.  Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

116.    Plaintiffs engaged in protected activity when they exercised their rights to use DCFMLA leave and opposed Defendant Centerra's violations of the DCFMLA, including when

the complained about Defendant Centerra's refusal to reinstate in a timely manner. Upon information and belief, all other Officers who were similarly situated to Plaintiffs were reinstated without delay, while Plaintiffs have been denied reinstatement due to their lawful exercise of FMLA rights.

117.    Defendant Centerra was prohibited from discriminating or retaliating against Plaintiffs for engaging in protected activity.

118.    Defendant Centerra discriminated and retaliated against Plaintiffs when it refused to reinstate them because Plaintiffs exercised rights to use DCFMLA leave and opposed Defendant Centerra's violations of the DCFMLA.

119.    As a result of Defendant Centerra's acts, Plaintiffs suffered lost wages, benefits and other compensation.

120.    The acts and omissions of Defendant Centerra constitute a willful violation of the DCFMLA.

121.    The acts and omissions of Defendant Centerra in violation of the DCFMLA were not in good faith and Defendant Centerra did not have reasonable grounds for believing that its actions did not violate the DCFMLA.

122.    Under the DCFMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost due to the DCFMLA violation, interest on the amount calculated at the prescribed rate, consequential damages not to exceed an amount equal to three times the amount of lost compensation and interest, medical expenses not covered by the employee's health insurance, and attorney's fees and costs.

**Count VIII: Retaliation in Violation of the D.C. Family and Medical Leave Act (Plaintiffs LaRock and Matthews against Defendants DOE, Runge and Riddle)**

123.    Plaintiffs LaRock and Matthews re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-122.

124.    At all times relevant to this Complaint, Plaintiffs were eligible employees under the DCFMLA.

125.    At all times relevant to this Complaint, Defendant and joint employer DOE was a covered employer under the DCFMLA.

126.    As eligible employees, Plaintiffs were entitled to take sixteen weeks of continuous or intermittent protected family and medical leave in a twenty-four month period.

127.    Plaintiffs gave adequate notice of their intent to take leave, and their requests were approved.  Plaintiffs provided all requisite documentation in support of their requests for leave and provided updates on their status as well as confirmation of their intent to return from leave.

128.    Plaintiffs engaged in protected activity when they exercised their right to use DCFMLA leave and opposed Defendant and joint employer DOE's violations of the DCFMLA, including when they complained about Defendant and joint employer DOE's refusal to reinstate in a timely manner.  Upon information and belief, all other Officers who were similarly situated to Plaintiffs were reinstated without delay, while Plaintiffs have been denied reinstatement due to their lawful exercise of his FMLA rights.

129.    Defendant and joint employer DOE was prohibited from discriminating or retaliating against Plaintiffs for engaging in protected activity.

130.    Defendants Runge and Riddle acted directly in the interest of DOE, and its joint employer Centerra, when it came to retaliating Plaintiffs LaRock and Matthews and denying them reinstatement rights from approved DCFMLA and, and they thereby control the aspect of

employment alleged to be violated in this Complaint.

131.    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle constitute a willful violation of the DCFMLA.

132.    The acts and omissions of Defendant and joint employer DOE and Defendants Runge and Riddle in violation of the DCFMLA were not in good faith they did not have reasonable grounds for believing that their actions did not violate the DCFMLA.

133.    Under the DCFMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost due to the DCFMLA violation, interest on the amount calculated at the prescribed rate, consequential damages not to exceed an amount equal to three times the amount of lost compensation and interest, medical expenses not covered by the employee's health insurance, and attorney's fees and costs.

## Count IX: FMLA Retaliation for Opposing Unlawful Actions Against Another Employee (Plaintiffs Putnam and Philippe against Defendants Centerra, DOE, Runge and Riddle)

134.    Plaintiffs Putnam and Philippe re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-133.

135.    Plaintiffs LaRock and Matthews took protected leave under the FMLA and were denied reinstatement in violation of the FMLA.

136.    Plaintiffs Putnam and Philippe engaged in the protected activity of opposing the unlawful actions of denying reinstatement to and termination of Plaintiffs LaRock and Matthews, which opposition activities included, for example, pursuing a grievance and arbitration demand for Plaintiffs LaRock and Matthews, financing legal challenges to their denials of reinstatement and discharges, providing information of their status, verbally and in writing challenging the blatant violations of the FMLA, and otherwise opposing these unlawful acts.

135.    Plaintiffs Putnam and Philippe were each terminated soon thereafter, for what was admitted to be no apparent reason and with no cause.  Upon information and belief, similarly situated employees were not terminated and/or removed from the site, as were Plaintiffs Putnam and Philippe.

136.    But for Plaintiff Putnam's and Plaintiff Philippe's opposition to the unlawful actions of Defendants in denying reinstatement to and termination of Plaintiffs LaRock and Matthews, they would not have been terminated and/or permanently removed from the DOE Headquarters property.

137.    Defendants' actions constitute a willful violation of the FMLA.

138.    Defendants' acts and omissions in violation of the FMLA were not in good faith and Defendants did not have reasonable grounds for believing that their actions did not violate the FMLA.

139.    Under the FMLA, Plaintiffs are entitled to all wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation, interest on this amount calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the amount of compensation owed to Plaintiff, as well as attorney's fees and costs.

**Count X: DCFMLA Retaliation for Opposing Unlawful Actions Against Another Employee**
**(Plaintiff Philippe against DOE and its Joint Employer DOE)**

140.    Plaintiffs Putnam and Philippe re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs 1-139.

141.    Plaintiffs LaRock and Matthews took protected leave under the DCFMLA and were denied reinstatement in violation of the DCFMLA.

142.    Plaintiffs Putnam and Philippe engaged in the protected activity of opposing the unlawful actions of denying reinstatement to and termination of Plaintiffs LaRock and Matthews,

which opposition activities included, for example, pursuing a grievance and arbitration demand for Plaintiffs LaRock and Matthews, financing legal challenges to their denials of reinstatement and discharges, providing information of their status, verbally and in writing challenging the blatant violations of the DCFMLA, and otherwise opposing these unlawful acts.

143.    Plaintiffs Putnam and Philippe were each terminated soon thereafter, for what was admitted to be no apparent reason and with no cause.  Upon information and belief, similarly situated employees were not terminated and/or removed from the site, as were Plaintiffs Putnam and Philippe.

144.    But for Plaintiff Putnam's and Plaintiff Philippe's opposition to the unlawful actions of Defendants in denying reinstatement to and termination of Plaintiffs LaRock and Matthews, they would not have been terminated and/or permanently removed from the DOE Headquarters property.

137.    Defendants' actions constitute a willful violation of the DCFMLA.

138.    Defendants' acts and omissions in violation of the DCFMLA were not in good faith and Defendants did not have reasonable grounds for believing that their actions did not violate the DCFMLA.

147.    Plaintiff Putnam is entitled to all wages, salary, employment benefits, or other compensation denied or lost due to the DCFMLA violation, interest on the amount calculated at the prescribed rate, consequential damages not to exceed an amount equal to three times the amount of lost compensation and interest, medical expenses not covered by the employee's health insurance, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

26

- Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants are violative of the rights of Plaintiffs, as secured by the Family and Medical Leave Act of 1993 and the D.C. Family and Medical Leave Act, D.C. Code § 32-501 *et seq.*;

- Grant Plaintiffs a preliminary and permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants, from continuing to violate the FMLA and DCFMLA;

- Grant the Plaintiffs an order requiring the Defendants, jointly and severally, to make them whole by awarding reinstatement into the positions they would have occupied in the absence of the unlawful acts by the Defendants with the same seniority, leave and other benefits of the position, front pay, back pay (with interest), and by awarding liquidated, compensatory, punitive damages, treble damages, attorney's fees, costs, and expenses;

- Grant Plaintiffs a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendants to reinstate all of Plaintiffs' employment benefits, including but not limited to health insurance and retirement benefits, retroactive to the date of their cessation;

- Enter a judgment against the Defendants, jointly and severally and in favor of the Plaintiff for the monetary losses Plaintiffs sustained as a direct result of the Defendants' refusal to reinstate and retaliatory actions in violation of the FMLA; and

- Grant Plaintiff such other relief as justice requires.

### <u>JURY TRIAL DEMANDED</u>

Plaintiffs demands a jury trial for this action.

Respectfully Submitted,

/s/ Scott Kamins
Scott Kamins, Bar # MD0223
Offit Kurman P.A.
7021 Columbia Gateway Dr.
Suite 200
Columbia, MD 21046
(301) 575-0347 (phone)
(301) 575-0335 (facsimile)
skamins@offitkurman.com

*Attorneys for Plaintiff*

4914-7265-0258, v. 1